## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY E. SUMMERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. CIV-12-160-F** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (TR. ___). The parties have briefed their positions and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on November 23, 2009, and for SSI on April 13, 2010, alleging a disability beginning February 11, 2009 (TR. 12). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 12). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a *de novo* hearing on June 7, 2011 (TR. 28-49). Plaintiff appeared with his attorney and testified in support of the applications.  At the request of the ALJ, a vocational expert (VE) also testified.  The ALJ issued an unfavorable decision on June 22, 2011, finding that Plaintiff was not disabled (TR. 12-23). Plaintiff appealed. The Appeals Council denied Plaintiff's request for review (TR. 1-5), and thus, the ALJ's decision became the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to

2

determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that, although Plaintiff had worked after his alleged onset date, the work did not rise to the level of substantial gainful activity (TR. 14).

At step two, the ALJ determined that Plaintiff has severe impairments consisting of schizophrenia and affective mood disorders (TR. 14). At step three, the ALJ found that Plaintiff's mental impairments do not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

The ALJ next considered Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967 (c) except that the claimant can perform simple 1 to 2 step tasks with routine supervision. The claimant should limit work activities that require ongoing and persistent public contact. The claimant has adequate social skills to respond appropriately to supervisors and co-workers on a routine basis without inappropriate behavior

(TR. 16).

At step four of the sequential evaluation, the ALJ found that Plaintiff was capable of performing his past relevant work as an industrial cleaner, sandblaster and warehouse worker (TR. 21).

Even if Plaintiff could not perform his past relevant work, the ALJ found alternatively at step five, that Plaintiff can perform other jobs such as bag loader, laundry classifier and machine feeder (TR. 22).

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in applying the incorrect legal standards to his evaluation of Plaintiff's noncompliance with medical treatment; and that the ALJ erred in failing to consider whether the noncompliance was a symptom of Plaintiff's schizophrenia. Plaintiff further contends that the ALJ's RFC assessment was legally flawed and unsupported by substantial evidence. Finally, Plaintiff states that the ALJ erred, as a matter of law, by failing to properly evaluate the opinions of a state agency consultant.

## ANALYSIS

### I.     Plaintiff's Noncompliance with Medical Treatment

In the first assignment of error, Plaintiff contends that before a claimant may be denied benefits or deemed to be lacking credibility based on a failure to comply with medical treatment, the ALJ must consider four factors: (1) whether the treatment would have restored the claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and (4) Whether the  claimant had a justifiable reason for noncompliance (Plaintiff's Brief at 18; *citing Frey v. Bowen*, 816 F.2d 508, 517

(10th Cir. 1987)).  Plaintiff further contends that the ALJ should have considered whether the failure to take prescribed medication was a symptom of Plaintiff's mental illness (*Id.* at 20-21).

The Commissioner disputes the applicability of *Frey* to an ALJ's consideration of a claimant's credibility (Commissioner's Brief at 5-8).

In *Qualls v. Apfel*, 206 F.3d 1368, 1372-1373 (10th Cir. 2000), the claimant relied on *Frey* for the proposition that the ALJ had erred in failing to apply the four factors before discounting the claimant's credibility based on claimant's failure to take medication for allegedly severe pain. The Tenth Circuit Court of Appeals held that the claimant's reliance on *Frey* was misplaced:

> Relying on our opinion in *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987), plaintiff also argues that the ALJ could not consider his failure to take pain medication in the absence of evidence that plaintiff had been prescribed pain medication and that it would have restored his ability to work if he had taken it. Plaintiff's reliance on our opinion in *Frey* is misplaced, because *Frey* concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment. *Id.* at 517; *see also* 20 C.F.R. § 404.1530; SSR 82–59, 1982 WL 31384 (S.S.A.). The ALJ here did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what attempts plaintiff made to relieve his pain— including whether he took pain medication—in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling. *See Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991); *Luna v. Bowen*, 834 F.2d 161, 165–66 (10th Cir.1987)

*Qualls v. Apfel*, 206 F.3d 1368, 1372 -1373 (10th Cir. 2000). The ALJ was not required to apply the four factors set forth in *Frey* in his credibility analysis.

In this case, however, the ALJ also relied on Plaintiff's failure to take prescribed

medications and the paucity of mental health treatment not only to discredit Plaintiff's allegations of disability, but also as a reason to deny benefits:

> In sum, the above residual functional capacity assessment is supported by the fact that the claimant has not had any substantiated permanent limitations or restrictions placed upon his ability to perform basic work activities by any treating or examining physician. The claimant has sought minimal mental health treatment and has been placed on medication, but does not take medication and has not followed up with recommended treatment

(TR. 21). Moreover, a schizophrenic claimant's failure to seek appropriate treatment and failure to take antipsychotic medication is fundamentally different from a claimant alleging disabling pain who fails to take pain medication for allegedly disabling pain. Additionally, "federal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the 'result of [the] mental impairment [itself] and, therefore, neither willful nor without a justifiable excuse.'" *Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009) (*quoting Mendez v. Chater*, 943 F. Supp. 503, 508 (E.D. Pa. 1996)). *See also Sharp v. Bowen*, 705 F. Supp. 1111, 1124 (W.D. Pa. 1989); *Frankhauser v. Barnhart*, 403 F. Supp.2d 261, 277–78 (W.D.N.Y. 2005) (holding an ALJ must take into account whether a mentally ill (bipolar and personality disordered) claimant's failure to comply with prescribed treatment results from the mental illness itself); *Brashears v. Apfel*, 73 F. Supp.2d 648, 650–52 (W.D. La. 1999) (remanding case for consideration of whether the claimant's noncompliance with prescribed treatment was excusable due to a mental impairment).   In this case, the ALJ's failure to consider whether Plaintiff's noncompliance with medically prescribed treatment was attributable to his mental impairment requires remand for further consideration.

## II.    The RFC Assessment; Evaluation of Medical Consultant's Opinion

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence, in part because the ALJ did not properly evaluate the opinions of state agency physicians (Plaintiff's Brief at 26-30). Although the ALJ will necessarily be required to re-assess Plaintiff's RFC after reconsidering Plaintiff's reasons for noncompliance with medical treatment, the court notes that the RFC assessment does not take into account conflicting evidence regarding Plaintiff's social skills.

Dr. Cynthia Repanshek, a consultative psychologist, examined Plaintiff on July 15, 2010. Dr. Repanshek summarized Plaintiff's symptoms including his delusion relating to his belief that he was God, that he had contracted meningitis from drinking dirty water, and that people he met knew he was God but would not tell him because they were "playing games" (TR. 255). Dr. Repanshek diagnosed Plaintiff with schizophrenia, paranoid type, noted that he has limited social support, stated that he was not oriented to place, and opined that his prognosis without treatment is poor (TR. 257). The ALJ mistakenly identified Dr. Repanshek as a "treating physician" and stated that he was giving "great weight" to her opinions (TR. 20). The ALJ concluded that Plaintiff was "genuinely severely impaired" but ultimately stated that Plaintiff's impairments were not "sufficiently evidenced by medical records to qualify as disabled" (TR. 20).  As discussed above, the ALJ should, on remand, give further consideration as to why there are few medical records and as to why Plaintiff is noncompliant with his medication.

On August 12, 2010, Dr. Keith McKee, Ph.D. A non-examining consultative psychologist, completed a Mental Residual Functional Capacity Assessment (TR. 259-

262).  Dr. McKee found Plaintiff to be markedly limited in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions (TR. 259). Dr. McKee agreed with the diagnosis of psychotic impairment with residual beliefs and hallucinations, and which result in "reduced social interactions, some confusion at times that is most likely related to his unusual beliefs" (TR. 261). Nevertheless, Dr. McKee stated that Plaintiff has sufficient social skills to respond appropriately to supervisors and co-workers on a routine basis without inappropriate behavior (TR. 261).

The ALJ's RFC assessment appears to rely on Dr. McKee's assessment. The assessment is not, however, supported by substantial evidence. Dr. McKee did not examine Plaintiff, but merely reviewed the limited medical record. On remand, the ALJ will have the opportunity to further develop the record, if necessary, by ordering additional examinations of Plaintiff perhaps with actual psychological testing.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 21, 2013**. The parties are further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on March 7, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE